UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| JESSICA FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-00600 |
| | ) | |
| MAK ENTERPRISE, LLC | ) | |
| d/b/a BEACH AUTO SALES, | ) | JURY TRIAL DEMANDED |
| SERVE: Mohamed Amine Khedar | ) | |
|         5564 Virginia Beach Bldv | ) | |
|         Suite A | ) | |
|         Virginia Beach, Virginia 23462 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MOHAMED AMINE KHEDAR | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT

Plaintiff Jessica Fuller ("Ms. Fuller"), by counsel, submits the following Complaint against Defendants Mak Enterprise, LLC d/b/a Beach Auto Sales ("Beach Auto Sales") and Mohamed Amine Kedhar ("Mr. Khedar") (collectively, the "Defendants"):

PARTIES

1. Ms. Fuller is an individual domiciled in Virginia.

2. Mr. Khedar is an individual domiciled in Virginia.

3. Beach Auto Sales is limited liability corporation organized under the laws of Virginia with a principal place of business located at 5564 Virginia Beach Boulevard, Virginia Beach, Virginia 23462.

4. Mr. Khedar is the registered agent for Beach Auto Sales.

5. Upon information and belief, Mr. Khedar is the sole owner of Beach Auto Sales.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over Ms. Fuller's claims pursuant 28 U.S.C. § 1331 because her claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), which is a federal law.

7. This Court has personal jurisdiction over Mr. Khedar because he is domiciled in Virginia.

8. This Court has personal jurisdiction over Beach Auto Sales because it is a limited liability company organized under the laws of Virginia that maintains its principal place of business in Virginia and conducts substantial business in Virginia.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events giving rise to Ms. Fuller's claims occurred in this judicial district.

## FACTS

Ms. Fuller's Employment.

10. Defendants operate a car dealership located in Virginia Beach known as "Beach Auto Sales."

11. In or around late May 2019, Ms. Fuller applied for position in the sales department of Beach Auto Sales. Ms. Fuller applied for this position after seeing a job posting online.

12. Shortly after Ms. Fuller applied, Mr. Khedar contacted her about interviewing for the position.

13. During the interview, Mr. Khedar informed Ms. Fuller that, contrary to what was represented on the job posting, she would instead need to apply for a position as an "Office

Secretary." Mr. Khedar informed Ms. Fuller that she would work in a sales capacity once she obtained her license to become a Motor Vehicle Salesperson.

14. Ms. Fuller applied for and was given the Office Secretary position. She began working for Beach Auto Sales around June 1, 2019.

15. Shortly after she began working for Beach Auto Sales, Ms. Fuller took and passed the test (the "Salesperson Test") that serves as a prerequisite to becoming a Motor Vehicle Salesperson. This test is administered by the Virginia Department of Motor Vehicles ("DMV").

16. Once Ms. Fuller obtained her test results from the DMV, she provided them to Mr. Khedar at his request. Mr. Khedar informed Ms. Fuller that he would "send the materials to Richmond" so that she could receive her license.

17. On several occasions during the month of June 2019, Mr. Khedar informed Ms. Fuller that he had sent the materials necessary for her to obtain her sales license.

18. Mr. Khedar, however, never sent these materials.

<u>Ms. Fuller's Compensation</u>.

19. While she was employed by Defendants, Ms. Fuller was paid a flat rate of two-hundred dollars per week, without regard for hours worked. Her Pay Statements are attached as <u>Exhibit A</u>.

20. Ms. Fuller was also paid a sum of fifty (50) dollars during her first week of work, which was classified as "Training" pay. *See* Ex. A p. 1.

21. Additionally, Ms. Fuller was paid a "Bonus" of one hundred (100) dollars during the pay period for July 8, 2019 to July 14, 2019.

22. While she was employed by Defendants, Ms. Fuller was not required to submit the time she worked each week.

23. Upon information and belief, Beach Auto Sales did not track the amount of time Ms. Fuller worked each week.

24. During Ms. Fuller's employment by Defendants, she frequently worked in excess of forty (40) hours per week.

25. During Ms. Fuller's employment by Defendants, she was not paid an overtime premium for the time she worked in excess of forty (40) hours per week.

26. Throughout her employment by Defendants, Ms. Fuller did not receive any compensation other than what is reflected in her Pay Statements. *See* Ex. A.

Ms. Fuller's Termination.

27. Ms. Fuller informed Mr. Khedar that the manner in which she was paid was not acceptable on several occasions.

28. On one specific occasion in late June 2019, Ms. Fuller met with Mr. Khedar in person and informed him that her pay was unequal.

29. Mr. Khedar terminated Ms. Fuller's employment immediately after this conversation.

30. While she was employed by Defendants, Ms. Fuller dutifully performed all tasks assigned to her.

31. Ms. Fuller was never disciplined or reprimanded while employed by Defendants.

Count I – Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act
(Against All Defendants)

32. Ms. Fuller incorporates the preceding paragraphs by reference.

33. At all relevant times, Ms. Fuller was employed by Defendants within the meaning of the FLSA, and is entitled to the rights, protections and benefits provided under the FLSA.

34. Section 206(a) of the FLSA provides that employers shall compensate all

employees at a rate not less than $7.25 per hour.

35. Defendants violated the FLSA by knowingly failing to compensate Ms. Fuller at a rate of not less than $7.25 per hour for all hours worked throughout the duration of her employment.

36. This violation was repetitive, willful, intentional, and in made bad faith.

Count II – Failure to Pay Overtime in Violation of the Fair Labor Standards Act
(Against All Defendants)

37. Ms. Fuller incorporates the preceding paragraphs by reference.

38. At all relevant times, Ms. Fuller was employed by Defendants within the meaning of the FLSA, and is entitled to the rights, protections and benefits provided under the FLSA.

39. Section 207(a)(1) of the FLSA provides that "no employer shall employee any of his employees . . . for a workweek longer than forty fours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

40. Ms. Fuller was not an exempt employee under the FLSA.

41. Defendants violated the FLSA by knowingly failing to compensate Ms. Fuller at a rate of one-and-a-half (1.5) times her regular hourly rate of pay for every hour worked in excess of forty (40) hours in any workweek.

42. This violation was repetitive, willful, intentional, and in made bad faith.

Count III – Retaliation in Violation of the Fair Labor Standards Act
(Against All Defendants)

43. Ms. Fuller incorporates the preceding paragraphs by reference.

44. At all relevant times, Ms. Fuller was employed by Defendants within the meaning of the FLSA, and is entitled to the rights, protections and benefits provided under the FLSA.

45. Section 215(a)(3) of the FLSA provides that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ."

46. Ms. Fuller complained of Defendants improper pay practices multiple times, including but not limited to the conversation identified in Paragraph 28.

47. Defendants retaliated against Ms. Fuller by terminating her employment.

48. Defendants' termination of Ms. Fuller's employment was willful, intentional, and in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Fuller respectfully requests that the Court enter judgment in her favor and against Defendants Mohamed Amine Khedar and Mak Enterprise, LLC d/b/a Beach Auto Sales, and award Ms. Fuller the following relief:

a. Unpaid wages in an amount to be proven at trial;

b. Liquidated damages;

c. Damages in the amount of Two-Hundred-Thousand Dollars ($200,000.00);

d. Plaintiff's costs, expenses, and attorney's fees associated with the prosecution of this action;

e. Punitive and exemplary damages;

f. Pre-judgment and post-judgment interest;

g. All other relief to which Ms. Fuller may be entitled.

## JURY TRIAL DEMAND

Plaintiff Jessica Fuller demands a trial by jury on all triable issues pursuant to Rule 38 of

the Federal Rules of Civil Procedure.

Dated: September 26, 2019

Respectfully submitted,

/s/ Joshua L. Jewett
Joshua L. Jewett (VSB No.76884)
Aaron D. Siegrist (VSB No. 91072)
PIERCE MCCOY, PLLC
101 West Main Street, Suite 101
Norfolk, Virginia 23510
Tel: (757) 216-0226
Fax: (757) 257-0387
asiegrist@piercemccoy.com
jjewett@piercemccoy.com

*Counsel for Plaintiff Jessica Fuller*